**CV 11 - 3536**

**SUMMONS ISSUED**

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★  **JUL 2 2 2011**  ★

**BROOKLYN OFFICE**

**ROSS, J.**

**Docket No:**
Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
69-12 Austin Street
Forest Hills, NY 11375
Telephone: (718) 263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

MARCO ANTONIO RIVERA, CESAR ZUNIGA, DANIEL
MEJIA, DARRYL HAGANS, DOUGLAS RAMOS,
EDILIO RODRIGUEZ, FREDDY CABRERA, HERLET
MARTIN HALL, JUAN QUEZADA, LEOPOLD A.
CAMPBELL, AND ALCIDES OBREGON, on their own
behalf and on behalf of others similarly situated,

**COMPLAINT**

**JURY TRIAL**
**DEMANDED**

Docket No:

Plaintiffs,

-against-

**CLASS ACTION /**
**COLLECTIVE ACTION**

STAPLES, INC., VELOCITY EXPRESS NORTHEAST,
INC., RONALD SARGENT, AND VINCE WASIK, an
individual,

Defendants.

------------------------------------------------------------------X

Plaintiffs, complaining of the defendant, by his attorneys, Helen Dalton & Associates
alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs, **MARCO ANTONIO RIVERA, CESAR ZUNIGA, LEOPOLD
   A. CAMPBELL, DANIEL MEJIA, EDILIO RODRIGUEZ, HERLET
   MARTIN HALL, JUAN QUEZADA, DOUGLAS RAMOS, FREDDY
   CABRERA, DARRYL HAGANS, AND ALCIDES OBREGON** on their
   own behalf and on behalf of others similarly situated, (hereinafter referred to
   as collectively "Plaintiffs"), by their attorneys at Helen F. Dalton &
   Associates, P.C., allege, upon personal knowledge as to himself and upon
   information and belief as to other matters, as follows:

1

2. Plaintiffs, **MARCO ANTONIO RIVERA, CESAR ZUNIGA, LEOPOLD A. CAMPBELL, DANIEL MEJIA, EDILIO RODRIGUEZ, HERLET MARTIN HALL, JUAN QUEZADA, DOUGLAS RAMOS, FREDDY CABRERA, DARRYL HAGANS, AND ALCIDES OBREGON**, on their own behalf and on behalf of others similarly situated, through undersigned counsel, brings this action against STAPLES INC., VELOCITY EXPRESS NORTHEAST INC., and individuals VINCE WASIK, AND RONALD SARGENT (collectively, "Defendants"), to recover damages for egregious violations of Federal and State minimum wage laws, overtime laws, spread of hour wage laws arising out of Plaintiffs' employment at the VELOCITY EXPRESS NORTHEAST INC., located at 47-10 Grand Avenue, Maspeth, NY 11378.

3. Plaintiffs are a group of individuals employed by Defendants to work as delivery men, and delivery men assistants at the VELOCITY EXPRESS NORTHEAST INC., from approximately in or around the year 1996 until present.

4. Although Plaintiffs worked approximately fifty-five (55) hours or more per week from in or around the year of 1996 until present, Defendants did not pay Plaintiff the legally prescribed minimum wage, a blatant violation of the minimum wage provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

5. Although Plaintiffs worked approximately fifty-five (55) hours or more per week from in or around the year of 1996 until present, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

6. Although Plaintiffs worked approximately fifty-five (55) hours or more per week from in or around the year of 1996 until present, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

2

7. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over Plaintiffs' Federal law claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

9. This Court has supplemental jurisdiction over Plaintiffs' State law claims pursuant to 28 U.S.C. §1367.

10. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

11. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202.

## THE PARTIES

12. Plaintiff, **MARCO ANTONIO RIVERA,** resides at 210 Roebling Street, 27, Brooklyn, NY 11211, in Kings County, New York State and was employed by Defendants at VELOCITY EXPRESS NORTHEAST INC., located at 47-10 Grand Avenue, Maspeth, NY 11378 in Queens County, New York State from in or around August, 1998 until Present.

13. Plaintiff, **CESAR ZUNIGA,** resides at 55-62 61 Street, Maspeth, NY 11378 in Queens County, New York State and was employed by Defendants at VELOCITY EXPRESS NORTHEAST INC., located at 47-10 Grand Avenue, Maspeth, NY 11378 in Queens County, New York State from in or around July, 1999 until Present.

14. Plaintiff, **JUAN QUESADA,** resides at 136-30 Sanford Avenue, Apt 3C, Flushing, NY 11355 Queens County, New York State and was employed by Defendants at VELOCITY EXPRESS NORTHEAST INC., located at 47-10

3

Grand Avenue, Maspeth, NY 11378 in Queens County, New York State from in or around January, 2007 until Present.

15. Plaintiff, **HERLET MARTIN HALL,** resides at 282 Sullivan Place, Brooklyn, NY 11225, in Kings County, New York State and was employed by Defendants at VELOCITY EXPRESS NORTHEAST INC., located at 47-10 Grand Avenue, Maspeth, NY 11378 in Queens County, New York State from in or around June, 2005 until Present.

16. Plaintiff, **ALCIDES OBREGON,** resides at 111-02 Northern Boulevard, 2nd Floor, Corona, NY 11373, in Queens County, New York State and was employed by Defendants at VELOCITY EXPRESS NORTHEAST INC., located at 47-10 Grand Avenue, Maspeth, NY 11378 in Queens County, New York State from in or around July, 2007 until Present.

17. Plaintiff, **DARRYL HAGANS,** resides at 230-12 145th Avenue, Jamaica, NY 11413, in Queens County, New York State and was employed by Defendants at VELOCITY EXPRESS NORTHEAST INC., located at 47-10 Grand Avenue, Maspeth, NY 11378 in Queens County, New York State from in or around May, 1998 until Present.

18. Plaintiff, **FREDDY CABRERA,** resides at 35-45 94th Street, Apt 2A, Jackson Heights, NY 11372 in Queens County, New York State and was employed by Defendants at VELOCITY EXPRESS NORTHEAST INC., located at 47-10 Grand Avenue, Maspeth, NY 11378 in Queens County, New York State from in or around November, 2001 until Present.

19. Plaintiff, **DOUGLAS RAMOS,** resides at 147-15 Northern Boulevard, Apt 3P, Flushing, NY 11355 in Queens County, New York State and was employed by Defendants at VELOCITY EXPRESS NORTHEAST INC., located at 47-10 Grand Avenue, Maspeth, NY 11378 in Queens County, New York State from in or around January, 2007 until Present.

20. Plaintiff, **LEOPOLD A. CAMPBELL,** resides at 1447 East 84th Street, Brooklyn, NY 11236, in Kings County, New York State and was employed by Defendants at VELOCITY EXPRESS NORTHEAST INC., located at 47-10

4

Grand Avenue, Maspeth, NY 11378 in Queens County, New York State from in or around April, 1999 until Present.

21. Plaintiff, **DANIEL MEJIA,** resides at 41 Whipple Street, Apt 4G, Brooklyn, NY 11206, in Kings County, New York State and was employed by Defendants at VELOCITY EXPRESS NORTHEAST INC., located at 47-10 Grand Avenue, Maspeth, NY 11378 in Queens County, New York State from in or around April, 2003 until Present.

22. Plaintiff, **EDILIO RODRIGUEZ,** resides at 221 South 1St Street, Apt 2, Brooklyn, NY 11211, in Kings County, New York State and was employed by Defendants at VELOCITY EXPRESS NORTHEAST INC., located at 47-10 Grand Avenue, Maspeth, NY 11378 in Queens County, New York State from in or around August, 2006 until Present.

23. Upon information and belief, Defendant, VELOCITY EXPRESS NORTHEAST INC., is a corporation organized under the laws of New York with a principal executive office at 7803 Glenroy Road, Bloomington, Minnesota, 55439.

24. Upon information and belief, Defendant, VELOCITY EXPRESS NORTHEAST INC., is a corporation authorized to do business under the laws of New York.

25. Upon information and belief, Defendant VINCE WASIK, owns and/or operates VELOCITY EXPRESS NORTHEAST INC., located at 7803 Glenroy Road, Bloomington, Minnesota, 55439.

26. Upon information and belief, Defendant VINCE WASIK, is the Chairman of the Board of VELOCITY EXPRESS NORTHEAST INC.

27. Upon information and belief, Defendant VINCE WASIK, is the Chief Executive Officer of VELOCITY EXPRESS NORTHEAST INC.

28. Upon information and belief, Defendant VINCE WASIK, is an agent of VELOCITY EXPRESS NORTHEAST INC.

29. Upon information and belief, Defendant VINCE WASIK, has power over personnel decisions at VELOCITY EXPRESS NORTHEAST INC.

30. Upon information and belief, Defendant VINCE WASIK, has power over payroll decisions at VELOCITY EXPRESS NORTHEAST INC.

31. Defendant VINCE WASIK has the power to hire and fire employees at the VELOCITY EXPRESS NORTHEAST INC., establish and pay wages, set work schedules, and maintain employment records.

32. During all relevant times herein, Defendant VINCE WASIK was Plaintiffs' employer within the meaning of the FLSA and NYLL.

33. Upon information and belief, STAPLES, INC., and their employees supervised Plaintiffs, were instructed to follow and uphold specific protocols, and were reprimanded by both STAPLES, INC., AND VELOCITY EXPRESS NORTHEAST, INC., employees if the terms of their rules and regulations were not met.

34. Upon information and belief, STAPLES, INC., is aware of the payroll decisions, personnel decisions, and VELOCITY EXPRESS NORTHEAST INC., method of rate compensation, and management philosophy.

35. On information and belief, STAPLES INC., AND VELOCITY EXPRESS NORTHEAST INC. is, at present and has been at all times relevant to the allegation in the Complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person; and (ii) has had an annual gross volume of sales of not less than $500,000.

## STATEMENT OF FACTS

36. Plaintiff, **MARCO ANTONIO RIVERA**, was employed by Defendants at the VELOCITY EXPRESS NORTHEAST INC. in Queens, New York, between approximately in or around March, 2005 and present.

37. During his employment by Defendants at VELOCITY EXPRESS NORTHEAST INC., Plaintiff's primary duties were working as a delivery

man, and performing other miscellaneous duties as directed by supervisors and managers.

38. Defendants usually created a work schedule, requiring Plaintiff **MARCO ANTONIO RIVERA** to work well more than forty (40) hours per week.

39. In fact, the schedule created by Defendants required Plaintiff **MARCO ANTONIO RIVERA** to work approximately fifty-five (55) hours or more per week.

40. Although Plaintiff **MARCO ANTONIO RIVERA,** worked approximately fifty-five (55) hours or more per week from in or around March, 2005 until present, Defendants did not pay Plaintiff the legally prescribed minimum wage, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

41. Although Plaintiff worked approximately fifty-five (55) hours or more per week from in or around March, 2005 until present, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

42. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at a minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act.

43. Plaintiff, **CESAR ZUNIGA**, was employed by Defendants at the VELOCITY EXPRESS NORTHEAST INC., in Queens, New York, between approximately in or around March, 2005 and present.

44. During his employment by Defendants at VELOCITY EXPRESS NORTHEAST INC., Plaintiff's primary duties were working as a delivery man, and performing other miscellaneous duties as directed by supervisors and managers.

45. Defendants usually created a work schedule, requiring Plaintiff **CESAR ZUNIGA** to work well more than forty (40) hours per week.

46. In fact, the schedule created by Defendants required Plaintiff **CESAR ZUNIGA** to work approximately fifty-five (55) hours or more per week.

47. Although Plaintiff **CESAR ZUNIGA,** worked approximately fifty-five (55) hours or more per week from in or around March, 2005 until present, Defendants did not pay Plaintiff the legally prescribed minimum wage, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

48. Although Plaintiff **CESAR ZUNIGA** worked approximately fifty-five (55) hours or more per week from in or around March, 2005 until present, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

49. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at a minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act.

50. Plaintiff, **JUAN QUEZADA,** was employed by Defendants at the VELOCITY EXPRESS NORTHEAST INC. in Queens, New York, between approximately in or around January, 2007 and present.

51. During his employment by Defendants at VELOCITY EXPRESS NORTHEAST INC., Plaintiff's primary duties were working as a delivery man assistant, and performing other miscellaneous duties as directed by supervisors and managers.

52. Defendants usually created a work schedule, requiring Plaintiff **JUAN QUEZADA** to work well more than forty (40) hours per week.

53. In fact, the schedule created by Defendants required Plaintiff **JUAN QUEZADA** to work approximately fifty-five (55) hours or more per week.

54. Although Plaintiff **JUAN QUEZADA,** worked approximately fifty-five (55) hours or more per week from in or around January, 2007 until present, Defendants did not pay Plaintiff the legally prescribed minimum wage, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

55. Although Plaintiff **JUAN QUEZADA** worked approximately fifty-five (55) hours or more per week from in or around January, 2007 until present,

8

Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

56. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at a minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act.

57. Plaintiff, **HERLET MARTIN HALL**, was employed by Defendants at the VELOCITY EXPRESS NORTHEAST INC. in Queens, New York, between approximately in or around June, 2005 and present.

58. During his employment by Defendants at VELOCITY EXPRESS NORTHEAST INC., Plaintiff's primary duties were working as a delivery man, and performing other miscellaneous duties as directed by supervisors and managers.

59. Defendants usually created a work schedule, requiring Plaintiff **HERLET MARTIN HALL** to work well more than forty (40) hours per week.

60. In fact, the schedule created by Defendants required Plaintiff **HERLET MARTIN HALL** to work approximately fifty-five (55) hours or more per week.

61. Although Plaintiff **HERLET MARTIN HALL,** worked approximately fifty-five (55) hours or more per week from in or around June, 2005 until present, Defendants did not pay Plaintiff the legally prescribed minimum wage, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

62. Although Plaintiff worked approximately fifty-five (55) hours or more per week from in or around June, 2005 until present, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

63. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at a minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act.

64. Plaintiff, **ALCIDES OBREGON**, was employed by Defendants at the VELOCITY EXPRESS NORTHEAST INC. in Queens, New York, between approximately in or around July, 2007 and present.

65. During his employment by Defendants at VELOCITY EXPRESS NORTHEAST INC., Plaintiff's primary duties were working as a delivery man assistant, and performing other miscellaneous duties as directed by supervisors and managers.

66. Defendants usually created a work schedule, requiring Plaintiff **ALCIDES OBREGON** to work well more than forty (40) hours per week.

67. In fact, the schedule created by Defendants required Plaintiff **ALCIDES OBREGON** to work approximately fifty-five (55) hours or more per week.

68. Although Plaintiff **ALCIDES OBREGON,** worked approximately fifty-five (55) hours or more per week from in or around July, 2007 until present, Defendants did not pay Plaintiff the legally prescribed minimum wage, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

69. Although Plaintiff worked approximately fifty-five (55) hours or more per week from in or around July, 2007 until present, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

70. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at a minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act.

71. Plaintiff, **DARRYL HAGANS**, was employed by Defendants at the VELOCITY EXPRESS NORTHEAST INC. in Queens, New York, between approximately in or around March, 2005 and present.

72. During his employment by Defendants at VELOCITY EXPRESS NORTHEAST INC., Plaintiff's primary duties were working as a delivery man, and performing other miscellaneous duties as directed by supervisors and managers.

73. Defendants usually created a work schedule, requiring Plaintiff **DARRYL HAGANS** to work well more than forty (40) hours per week.

74. In fact, the schedule created by Defendants required Plaintiff **DARRYL HAGANS** to work approximately fifty-five (55) hours or more per week.

75. Although Plaintiff **DARRYL HAGANS,** worked approximately fifty-five (55) hours or more per week from in or around March, 2005 until present, Defendants did not pay Plaintiff the legally prescribed minimum wage, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

76. Although Plaintiff worked approximately fifty-five (55) hours or more per week from in or around March, 2005 until present, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

77. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at a minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act.

78. Plaintiff, **FREDDY CABRERA**, was employed by Defendants at the VELOCITY EXPRESS NORTHEAST INC. in Queens, New York, between approximately in or around March, 2005 and present.

79. During his employment by Defendants at VELOCITY EXPRESS NORTHEAST INC., Plaintiff's primary duties were working as a delivery man, and performing other miscellaneous duties as directed by supervisors and managers.

80. Defendants usually created a work schedule, requiring Plaintiff **FREDDY CABRERA** to work well more than forty (40) hours per week.

81. In fact, the schedule created by Defendants required Plaintiff **FREDDY CABRERA** to work approximately fifty-five (55) hours or more per week.

82. Although Plaintiff **FREDDY CABRERA,** worked approximately fifty-five (55) hours or more per week from in or around March, 2005 until present, Defendants did not pay Plaintiff the legally prescribed minimum wage, a

blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

83. Although Plaintiff worked approximately fifty-five (55) hours or more per week from in or around March, 2005 until present, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

84. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at a minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act.

85. Plaintiff, **DOUGLAS RAMOS**, was employed by Defendants at the VELOCITY EXPRESS NORTHEAST INC. in Queens, New York, between approximately in or around January, 2007 and present.

86. During his employment by Defendants at VELOCITY EXPRESS NORTHEAST INC., Plaintiff's primary duties were working as a delivery man, and performing other miscellaneous duties as directed by supervisors and managers.

87. Defendants usually created a work schedule, requiring Plaintiff **DOUGLAS RAMOS** to work well more than forty (40) hours per week.

88. In fact, the schedule created by Defendants required Plaintiff **DOUGLAS RAMOS** to work approximately fifty-five (55) hours or more per week.

89. Although Plaintiff **DOUGLAS RAMOS,** worked approximately fifty-five (55) hours or more per week from in or around January, 2007 until present, Defendants did not pay Plaintiff the legally prescribed minimum wage, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

90. Although Plaintiff worked approximately fifty-five (55) hours or more per week from in or around January, 2007 until present, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

91. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at a minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act.

92. Plaintiff, **LEOPOLD A. CAMPBELL**, was employed by Defendants at the VELOCITY EXPRESS NORTHEAST INC., in Queens, New York, between approximately in or around March, 2005 and present.

93. During his employment by Defendants at VELOCITY EXPRESS NORTHEAST INC., Plaintiff's primary duties were working as a delivery man, and performing other miscellaneous duties as directed by supervisors and managers.

94. Defendants usually created a work schedule, requiring Plaintiff **LEOPOLD A. CAMPBELL** to work well more than forty (40) hours per week.

95. In fact, the schedule created by Defendants required Plaintiff **LEOPOLD A. CAMPBELL** to work approximately fifty-five (55) hours or more per week.

96. Although Plaintiff **LEOPOLD A. CAMPBELL,** worked approximately fifty-five (55) hours or more per week from in or around March, 2005 until present, Defendants did not pay Plaintiff the legally prescribed minimum wage, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

97. Although Plaintiff worked approximately fifty-five (55) hours or more per week from in or around March, 2005 until present, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

98. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at a minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act.

99. Plaintiff, **DANIEL MEJIA,** was employed by Defendants at the VELOCITY EXPRESS NORTHEAST INC. in Queens, New York, between approximately in or around March, 2005 and present.

100. During his employment by Defendants at VELOCITY EXPRESS NORTHEAST INC., Plaintiff's primary duties were working as a delivery

13

man, and performing other miscellaneous duties as directed by supervisors and managers.

101.    Defendants usually created a work schedule, requiring Plaintiff **DANIEL MEJIA** to work well more than forty (40) hours per week.

102.    In fact, the schedule created by Defendants required Plaintiff **DANIEL MEJIA** to work approximately fifty-five (55) hours or more per week.

103.    Although Plaintiff **DANIEL MEJIA**, worked approximately fifty-five (55) hours or more per week from in or around March, 2005 until present, Defendants did not pay Plaintiff the legally prescribed minimum wage, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

104.    Although Plaintiff worked approximately fifty-five (55) hours or more per week from in or around March, 2005 until present, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

105.    Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at a minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act.

106.    Plaintiff, **EDILIO RODRIGUEZ**, was employed by Defendants at the VELOCITY EXPRESS NORTHEAST INC. in Queens, New York, between approximately in or around August, 2006 and present.

107.    During his employment by Defendants at VELOCITY EXPRESS NORTHEAST INC., Plaintiff's primary duties were working as a delivery man, and performing other miscellaneous duties as directed by supervisors and managers.

108.    Defendants usually created a work schedule, requiring Plaintiff **EDILIO RODRIGUEZ** to work well more than forty (40) hours per week.

109.    In fact, the schedule created by Defendants required Plaintiff **EDILIO RODRIGUEZ** to work approximately fifty-five (55) hours or more per week.

110.    Although Plaintiff **EDILIO RODRIGUEZ**, worked approximately fifty-five (55) hours or more per week from in or around August, 2006 until

present, Defendants did not pay Plaintiff the legally prescribed minimum wage, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

111.   Although Plaintiff worked approximately fifty-five (55) hours or more per week from in or around August, 2006 until present, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

112.   Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs an additional hour of pay at a minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act.

113.   The FLSA, 29 U. S. C. §206 has required Defendants to pay Plaintiffs a minimum wage of $5.15 per hour from January 1, 2005 until July 23, 2007, $5.85 per hour from July 24, 2007, until July 23, 2008, $6.55 per hour from July 24, 2008 until July 23, 2009, and $7.25 per hour from July 24, 2009 until present.

114.   The New York Minimum Wage Act, NYLL§652 had required Defendants to pay Plaintiffs a minimum wage of $6.00 per hour from January 1, 2005 until December 31, 2005, $6.75 per hour from January 1, 2006 until December 31, 2006, $7.15 per hour from January 1, 2007 until July 23, 2009, and $7.25 per hour from July 24, 2009 until present.

115.   Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the warehouse as required by both NYLL and the FLSA.

116.   Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

## CLASS ALLEGATIONS

117.   This action is properly maintainable as a class action pursuant to Article 9 of the New York Civil Practice Law and Rules and Federal Rules of Civil Procedure 23(b)(3).

118.   This action is properly maintainable as a collective action pursuant to Fair Labor Standards Act, 29 U.S.C. § 216(b).

119.   This action is brought on behalf of Plaintiffs and a class consisting of each and every other person who performed work for Defendants other than the executive and management positions.

120.   The putative class is so numerous that joinder of all members is impracticable.

121.   The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

122.   The claims of Plaintiffs are typical of the claims of the putative class.

123.   Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

124.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Minimum Wages Under The Fair Labor Standards Act

125.   Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

126.   Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

127.   At all times relevant to this action, Plaintiffs were engaged in commerce or the production of services and goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

128.   At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

129.   Defendants willfully failed to pay Plaintiffs a minimum wage in accordance with 29 U.S.C. §§§201, 202 and 203.

130.   Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

131.   Defendants have not made a good faith effort to comply with the FLSA with respect to the Plaintiffs' compensation.

132.   Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

133.   Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

134.   At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of NYLL §§2 and 651.

135.   At all times relevant to this action, Defendants were employers within the meaning of NYLL.

136.   Defendants failed to record, credit or compensate Plaintiffs the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL §652.

137.   Defendants also failed to pay Plaintiffs the required minimum wage, the minimum wage rate to which Plaintiffs were entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.

138.   Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an amount equal to twenty-five percent (25%) of their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## THIRD CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

139.   Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

140.   Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216 (b).

141.   At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

142.   At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

143.   Defendants willfully failed to pay Plaintiffs' overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the minimum wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

144.   Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the Plaintiffs' compensation.

145.   Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

### FOURTH CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

146.   Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

147.   At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of NYLL §§2 and 651.

148.   Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times

the minimum wage, the minimum wage rate to which Plaintiffs were entitled under NYLL §652, in violation of 12 N.Y.C.R.R. 137-1.3.

149.    Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to twenty-five percent his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198(1-a).

### FIFTH CAUSE OF ACTION
#### Spread of Hours Compensation Under New York Labor Law

150.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

151.    Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations.  NYLL §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4

152.    Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants their unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to NYLL § 663(1).

### PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully requests that judgment be granted:

a.    Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, New York Minimum Wage Act, and the NYLL and its regulations;

b.    Awarding Plaintiffs' unpaid minimum wages, overtime wages and spread of hours wages;

c.    Awarding Plaintiffs' liquidated damages pursuant to 29 U.S.C. §216 and NYLL §§198(1-a), 663(1);

d.    Awarding Plaintiffs' prejudgment and post-judgment interest;

e. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

f. Awarding such and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated: This 11 day of July, 2011.

Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, PC
69-12 Austin Street
Forest Hills, NY 11375
Telephone: (718) 263-9591
Fax: (718) 263-9598

20